IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RONALD WAYNE ROBERTSON,** | \* |
| **# 241992,** | \* |
| | \* |
|     **Petitioner,** | \* |
| | \* |
| vs. | \* CIVIL ACTION NO. 19-00376-TFM-B |
| | \* |
| **WARDEN COOKS,** | \* |
| | \* |
|     **Respondent.** | \* |

**REPORT AND RECOMMENDATION**

Ronald Wayne Robertson, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2241 (Docs. 1, 4). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases.[1] Because the case is in the early stages, no response has been filed to the petition. Upon careful consideration, it is recommended that Robertson's habeas corpus petitions be **DISMISSED** as successive under 28 U.S.C. § 2244(b)(3)(A).

---

[1] The record is adequate to determine Robertson's claim; thus, no federal evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005).

## I. BACKGROUND

On May 18, 2005, following a jury trial, Petitioner Robertson was convicted in the Circuit Court of Mobile County, Alabama of first-degree rape and first-degree sexual abuse.[2] Wayne Robertson v. Richard Allen, No. 2:10-cv-00375-CG-C (S.D. Ala. 2010) ("Robertson I"), ECF No. 12-1 at 51-52. On July 15, 2005, he was adjudged guilty and sentenced to life imprisonment for the rape and a consecutive ten-year term of imprisonment for the sexual abuse. ECF No. 12-1 at 4. The Alabama Court of Criminal Appeals affirmed Robertson's convictions and sentences by memorandum opinion entered on May 19, 2006. ECF No. 12-6. The Court of Criminal Appeals denied Robertson's application for rehearing on June 20, 2006 and issued a certificate of judgment on August 11, 2006. ECF No. 12-7. Robertson filed a Rule 32 petition seeking

---

[2] The Court takes judicial notice of court documents from Ronald Wayne Robertson v. Richard Allen, No. 2:10-cv-00375-CG-C (S.D. Ala. 2010), because they are public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See Morton v. Bank of America Corp., 2012 U.S. Dist. LEXIS 127389, at *4 n.4, 2012 WL 3901749, at *2 n.4 (noting that "[p]ursuant to Rule 201(b) of the Federal Rules of Evidence, a court has the discretion to *sua sponte* take judicial notice of certain facts, including court documents from a prior proceeding" and *sua sponte* taking judicial notice of plaintiff's prior bankruptcy proceeding in deciding defendant's motion to dismiss); Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)).

collateral relief in the Circuit Court of Mobile County on December 4, 2008, which, after an evidentiary hearing was held, was denied as time-barred and also on the merits. ECF No. 12-1 at 17-25, 58-63. Robertson filed a notice of appeal on July 28, 2009, and on March 19, 2010, the Court of Criminal Appeals affirmed the denial of Robertson's Rule 32 petition. ECF No. 12-1 at 64; ECF No. 12-4. Robertson's petition for writ of certiorari to the Supreme Court of Alabama was denied on June 18, 2010, and a certificate of judgment was issued on the same date. Ex parte Robertson, 83 So. 3d 595 (Ala. 2010); Robertson I, ECF No. 12-5.

Thereafter, on July 15, 2010, Robertson filed his first federal habeas petition attacking his conviction and sentence in this Court. ECF No. 1. In his petition, Robertson claimed that (1) his trial attorney provided constitutionally ineffective assistance, and (2) the trial court deprived him of his "right to appeal" because the court did not allow him to make a showing of actual innocence of rape during the Rule 32 evidentiary hearing. ECF No. 1 at 13-15. On March 18, 2011, Robertson's petition was dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). ECF Nos. 16, 19, 20. Robertson filed a notice of appeal, which the Eleventh Circuit Court of Appeals also construed as a motion for a certificate of appealability. ECF Nos. 23, 26. On July 1, 2011, the Eleventh Circuit issued an order denying Robertson's motion for a certificate of appealability because his habeas petition was

"plainly barred by 28 U.S.C. § 2254's one-year statute of limitations." ECF No. 26. Robertson filed a motion for reconsideration, which the Eleventh Circuit denied on August 29, 2011. ECF No. 27.

On July 9, 2019, Robertson filed the instant petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 (Doc. 1) and petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 4). Both petitions were docketed in the instant case under the same case number. Robertson essentially makes the same four claims in both petitions, namely that (1) the State withheld discovery containing exculpatory evidence; (2) the address where the crimes allegedly occurred was "fabricated" because Robertson had moved away from that address years before the alleged crimes; (3) the evidence was insufficient to convict him because there was no DNA evidence and "the case was done only on hearsay," and (4) that the alleged victim perjured herself at trial with the State's knowledge.[3] (See Doc. 1 at 6-8, 13; Doc. 4

---

[3] Robertson attaches a page to his § 2254 petition that lists the following "Grounds of Issue In Hand:" "(1) withholding the discovery from Defendant and his lawyer[,] (2) complete miscarriage of justice[,] (3) was without subject matter jurisdiction of the offense charged[,] (4) fraud statement and documents contended to get the conviction[,] (5) fabricated crime scene[,] (6) impossibility of prefromence[,] (7) conviction was base only on hearsay not on the facts of the case itself[,] (8) no DNA[,] (9) dispositive of any material facts in the case[, and] (10) the D.A. was telling the administrative trial judge what he could or could not do about the case from the start to end of trial." (Doc. 1 at 13).

4

at 2, 6-8). For the reasons set forth below, the Court finds that Robertson's petitions are due to be dismissed as successive.

## II. DISCUSSION

As an initial matter, Robertson has simultaneously filed form petitions for a writ of habeas corpus under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241 in this case. (Docs. 1, 4). However, as detailed above, Robertson is essentially making the same claims and seeking the same relief[4] in both petitions. Further, because Robertson is challenging his state convictions and is in custody under the judgment of an Alabama court, 28 U.S.C. § 2254 applies to both of his petitions despite his use of a form § 2241 petition. See Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004) (per curiam) ("[T]here is but one means of bringing a post-conviction petition for those imprisoned under a State court judgment, and that is the writ of habeas corpus which is governed by both § 2241 and § 2254."). A state prisoner trying to obtain relief from his conviction or sentence cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing a petition purporting to be something else. See Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."). Although § 2241 authorizes a habeas corpus remedy for state court

---

[4] In his § 2241 petition, Robertson "moves the court to set aside or to vacated the judgements." (Doc. 4 at 8).

5

prisoners challenging the execution of a sentence, rather than the validity of the sentence itself, see Bishop v. Reno, 210 F.3d 1295, 1304, n.14 (11th Cir. 2000); Tackett v. United States, 2019 U.S. Dist. LEXIS 2441, at *18, 2019 WL 121264, at *7 (N.D. Ala. Jan. 7, 2019), a § 2241 petition is subject to the same restrictions as a § 2254 petition. Peoples, 393 F.3d at 1353. These restrictions include a one-year statute of limitations, see 28 U.S.C. § 2244(d)(1); a certificate of appealability requirement, see 28 U.S.C. § 2253(c); and strict limits on filing a second or successive § 2254 petitions, see 28 U.S.C. § 2244(b).

As noted above, one of the statutory restrictions on § 2254 habeas petitions arises from 28 U.S.C. § 2244(b), which provides in relevant part that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

> evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) **Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

28 U.S.C. § 2244(b) (emphasis added).

Robertson's 2010 § 2254 habeas petition qualified as a first petition for the purpose of determining successor status because it was dismissed as untimely. See Candelario v. Warden, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (per curiam) (rejecting petitioner's argument that his § 2255 motion to vacate was not successive because his initial § 2255 motion was denied as untimely rather than on the merits and recognizing that "a second petition is successive if the first was denied or dismissed with prejudice" and that a dismissal for untimeliness is with prejudice); Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) (holding that a prior untimely § 2254 petition counts as a first petition "because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an

7

irremediable defect barring consideration of the petitioner's substantive claims"). Thus, the habeas petitions in the instant action are second or successive petitions challenging Robertson's 2005 criminal judgment.

"Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order [from the appropriate court of appeals] authorizing the district court to consider it." Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009) (per curiam); Rule 9 of the Rules Governing Section 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4); see also Allen v. United States, 2012 U.S. Dist. LEXIS 73734, at *2, 2012 WL 1946246, at *1 (S.D. Ala. April 6, 2012) ("The Petitioner must seek and obtain this certification '*[b]efore* a second or successive application . . . is filed in the district court.'") (emphasis in original) (quoting 28 U.S.C. § 2244(b)(3)(A)), report and recommendation adopted, 2012 U.S. Dist. LEXIS 73736, 2012 WL 1946511 (S.D. Ala. May 29, 2012). Absent permission from the Eleventh Circuit authorizing Robertson to file a successive petition, this court lacks jurisdiction to address his petitions. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir.

1997) (per curiam); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) (citing Hill, 112 F.3d at 1089); Allen, 2012 U.S. Dist. LEXIS 73734, at *2, 2012 WL 1946246, at *1.

    Robertson does not allege, and the record does not establish, that he sought and obtained permission from the Eleventh Circuit Court of Appeals before filing the instant second or successive petitions. Although Robertson filed an application for leave to file a second or successive habeas corpus petition (Doc. 3) with *this Court* on July 9, 2019, the same date he filed his habeas petitions and motion for leave to proceed *in forma pauperis*, there is no indication that he filed any such application with the Eleventh Circuit or that the Eleventh Circuit issued an order authorizing the district court to consider Robertson's successive habeas petitions. See Charest v. Mitchem, 2010 U.S. Dist. LEXIS 58151, at *8-9, 2010 WL 2330318, at *3 (S.D. Ala. June 1, 2010) ("The instant § 2254 petition, filed February 5, 2010, is clearly a successive petition and while Charest did file an application with the Eleventh Circuit Court of Appeals on January 23, 2010 seeking an order authorizing this Court to consider this successive petition, he failed to obtain specific authorization from that court to file another habeas corpus petition, thereby depriving this Court of jurisdiction to consider his request for relief.") (internal citations omitted), report and recommendation adopted, 2010 U.S. Dist. LEXIS 58182, 2010 WL 2330320 (S.D. Ala. June 8,

2010).  Thus, this Court is without jurisdiction to consider his petitions.

Accordingly, the undersigned finds that Robertson's present habeas petitions (Docs. 1, 4) are due to be dismissed for lack of jurisdiction as unauthorized second or successive petitions.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) of the Rules Governing 2254 Cases.  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

10

ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'") (quoting Slack, 529 U.S. at 484).

In the instant action, Robertson has not demonstrated that he has applied to and received permission from the Eleventh Circuit to file these successive federal habeas petitions; thus, this Court is without jurisdiction to consider the instant petitions. See Hill, 112 F.3d at 1089. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petitions or that Robertson should be allowed to proceed further. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Robertson's petitions should be dismissed. As a result, he is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

11

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that the Court dismiss Robertson's habeas petitions (Docs. 1, 4) as improper successive petitions, and find that he is not entitled to a certificate of appealability and is further not entitled to proceed *in forma pauperis* on appeal.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

      **DONE** this **18th** day of **July, 2019.**

                                            **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**